UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1200 JVS (DTBx) | Date | August 31, 2015 |
| Title | Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS)   Order Denying Plaintiff's Motion to Remand and Granting Defendant's Motion to Dismiss**

**The Court, having been informed by the parties that they submit on the Court's tentative ruling previously issued, hereby DENIES the Plaintiff's Motion to Remand and GRANTS the Defendant's Motion to Dismiss in accordance with the tentative ruling as follows:**

Before the Court are two motions.

Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a/ Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") moves to dismiss the complaint filed against it by Plaintiff Alejandro Meza Campos ("Campos") under Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Docket No. 9.)

Campos has not formally opposed Wells Fargo's motion but has moved to remand the action to state court.  (See Docket No. 14.)  Wells Fargo opposes Campos's motion to remand.  (Docket No. 16.)

As described herein, the Court DENIES Campos's motion to remand and GRANTS Wells Fargo's motion to dismiss.

I.     BACKGROUND

The present dispute concerns Campos's attempts to obtain a loan modification

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   EDCV 15-1200 JVS (DTBx)                              Date   August 31, 2015

Title   Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al.

from Wells Fargo. Unless otherwise indicated, the following facts are alleged in Campos's complaint. (See Docket No. 1-1, Ex A ("Compl.").)

Campos owns and occupies a residential property located at 15855 Ninya Avenue, Moreno Valley, CA 92551 (the "Property"). (Compl. ¶ 1.) Campos executed a promissory note and mortgage to purchase the Property in May 2005. (Id. ¶ 7.) Campos refinanced the property in 2007 by obtaining a home loan from World Savings Bank ("WSB") (Mot. Dismiss 2; RJN Ex. A), before Wells Fargo acquired the loan and began servicing it in 2013. (See id. ¶ 9-11.)

There is no foreclosure activity alleged in the complaint. Rather, Campos's claims stem from his unsuccessful attempts to obtain a loan modification from Wells Fargo. (Id. ¶¶ 12-25.) Campos submitted a complete loan modification application in September 2014. (Id. ¶ 17.) Campos alleges, inter alia, that Wells Fargo unjustifiedly delayed its denial of his loan modification and that it never appointed him a "single point of contact" regarding his loan modification. (Compl. ¶21, 24.)

Based on the foregoing, Campos initiated an action against Wells Fargo in Riverside County Superior Court on April 21, 2015. (See Notice of Removal 2.) Campos asserts the following claims against Wells Fargo: (1) negligent misrepresentation; (2) violation of Cal. Bus. & Prof. Code § 17200 et seq.; (4) violation of Cal. Civ. Code § 2923.6; (4) violation of Cal. Civ. Code § 2923.7; and (5) violation of Cal. Civ. Code § 1632. (See Compl. at pgs. 6-9.)

Wells Fargo removed the case to this Court on June 18, 2015, invoking the Court's diversity jurisdiction. (See Notice of Removal 2-6.)

II.   REQUEST FOR JUDICIAL NOTICE

Wells Fargo brings a request for judicial notice ("RJN") in support of its motion to dismiss. (Docket No. 10.) Specifically, Wells Fargo requests judicial notice of the following documents: (1) a fixed rate mortgage note dated January 24, 2007 signed by Campos ("Exhibit A"); (2) a deed of trust dated January 24, 2007, recorded in the Official Records of the Riverside County Recorder's Office on February 13, 2007 as Document No. 2010-0101130 ("Exhibit B"); (3) a certificate of corporate existence dated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1200 JVS (DTBx) | Date | August 31, 2015 |
| Title | Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al. | | |

April 21, 2006 issued by the Office of Thrift Supervision ("OTS") ("Exhibit C"); (4) a letter dated November 19, 2007, OTS, Department of the Treasury ("Exhibit D"); (5) Charter of Wachovia Mortgage, FSB, dated December 31, 2007 ("Exhibit E"); (6) an official certification of the Comptroller of the Currency pertaining to Wachovia Mortgage, FSB's conversion and merger into Wells Fargo ("Exhibit F"); (7) a printout from the website of the Federal Deposit Insurance Corporation ("FDIC") showing the history of Wachovia Mortgage, FSB ("Exhibit G"); (8) a Federal Home Loan Bank Board General Counsel Opinion Letter dated August 13, 1985 ("Exhibit H"); (9) OTS, Department of the Treasury Opinion Letter dated July 22, 2003, No. P-2003-5 ("Exhibit I"); and (10) an Office of the Comptroller of the Currency ("OCC"), Department of the Treasury, OCC 2011-47 Bulletin, dated December 8, 2011 ("Exhibit J"). (Docket No. 10-1.)

     Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b).

     Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee, 250 F.3d at 688. There are, however, exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Id. The Court may consider documents attached to or "properly submitted as part of the complaint." Id.; see also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (A court may treat an exhibit as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). Documents "not physically attached to the complaint" may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Lee, 250 F.3d at 688. Finally, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record." Id. at 688-89; see Fed. R. Evid. 201(b).

     Judicial Notice of Exhibit A is appropriate because it is referred to and relied on in Campos's FAC. (See RJN 2-3.) Judicial notice of Exhibit B is appropriate because it is a copy of an official record, and its authenticity is not subject to reasonable dispute. (Id. at 3.) Similarly, judicial notice of Exhibits C-J is appropriate because they are copies of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1200 JVS (DTBx) | Date | August 31, 2015 |
| Title | Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al. | | |

documents reflecting official acts of the executive and/or legislative branches of the United States government. (Id. at 3-4.)

Accordingly, the Court takes judicial notice of the aforementioned documents.

### III.   MOTION TO REMAND

#### A.   Legal Standard

##### 1.   Removal Generally and the Court's Duty to Remand Where Jurisdiction Uncertain

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the district must remand the action back to the state court from which it was removed. 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id.

##### 2.   Diversity Jurisdiction

"For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). In other words, diversity jurisdiction only exists if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). The parties' citizenship is assessed as of the date the plaintiff filed the Complaint. See Smith v. Sperling, 354 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-1200 JVS (DTBx) | Date | August 31, 2015 |
|---|---|---|---|

| Title | Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al. |
|---|---|

91, 93 n.1 (1957). Citizenship for diversity purposes is established where a person (a) is a citizen of the United States, and (b) is domiciled in a state of the United States. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). A corporation is deemed to be a citizen of the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center," or where a corporation's officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

To satisfy the amount in controversy requirement of § 1332, the plaintiff's alleged damages must exceed $75,000.[1] 28 U.S.C. § 1332(a).

**B. Discussion**

Campos argues that the action must be remanded because there is not complete diversity of citizenship between the parties. (Mot. Remand 3-7.) Specifically, Campos contends that both he and Wells Fargo are citizens of California. (Id. at 7.) In the alternative, Campos argues that the action should be remanded under the prior exclusive jurisdiction doctrine. (Id. at 7-8.) Both of Campos's arguments are unpersuasive.

First, Campos's argument that Wells Fargo, a national banking association, is a citizen of California relies on outdated law. (See id. at 1-3.) Although Wells Fargo's principal place of business is in California, its "main office" is in South Dakota. Pursuant to 28 U.S.C. § 1348, "a national bank is a citizen only of the state in which its main office is located." Rouse v. Wachovia Mortg. FSB, 474 F.3d 707, 709 (9th Cir 2014). In Rouse, the Ninth Circuit specifically concluded that Wells Fargo was only a citizen of South Dakota, and thus completely diverse from California plaintiffs. 474 F.3d at 709. Here, Campos, too, is a citizen of California. Thus, the Court concludes that there is complete diversity between the parties in this case.

Second, the prior exclusive jurisdiction doctrine has no bearing in this case because there is no parallel proceeding seeking to determine the same property rights at issue.

---

[1] Campos has put the value of his $720,000 loan at issue, and thus the amount in controversy is met. See Gonzales v. Wells Fargo Bank, N.A., No. C 14-03850 JSW, 2014 U.S. Dist. LEXIS 152700, at *4-*5 (N.D. Cal. Oct. 28, 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1200 JVS (DTBx) | Date | August 31, 2015 |
| Title | Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al. | | |

"The prior exclusive jurisdiction doctrine holds that when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." Chapman v. Deutsche Bank Nat. Trust Co., 651 F. 3d 1039, 1043 (9th Cir. 2011) (internal quotation and citation omitted). Here, there is no parallel proceeding with jurisdiction over the Property at issue that is in conflict with the Court's jurisdiction here; rather, this is a single case that was initiated in state court and removed to this Court.

Thus, the Court concludes that it has proper jurisdiction over the case. Accordingly, remand to state court is unwarranted.

IV.   MOTION TO DISMISS

Wells Fargo argues that Campos's complaint must be dismissed for several reasons. As a threshold matter, Wells Fargo argues that the claims against it must be dismissed because they are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq. (Mem. P. & A. Supp. Mot. Dismiss 3-12.) In addition, Wells Fargo argues that Campos has failed to allege facts sufficient to state any claim pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 9(b). (Id. At 12-18.)

The Court notes that Campos has failed to oppose Wells Fargo's motion. Generally, a party's failure to oppose a motion to dismiss is deemed consent to the Court's granting of the motion and dismissal of the action. L.R. 7-12. Here, the Court also considers the merits of Wells Fargo's motion to conclude that such dismissal should be with prejudice.

    **A.   Legal Standards**

        1.   HOLA Preemption Standard

In Silvas v. E*Trade Mortg., Corp., 514 F.3d 1001 (9th Cir. 2008), the Ninth Circuit addressed whether HOLA and OTS regulations preempt state laws in the context of mortgage lending. Under HOLA, OTS has "broad authority to issue regulations governing thrifts." Id. at 1005. These regulations have the same preemptive effect as federal statutes. Id. (citing Fid. Fed. Sav. & Loan Assoc. v. de la Cuesta, 458 U.S. 141, 153 (1982)). OTS regulations occupy the entire field of lending regulation for federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV 15-1200 JVS (DTBx)                                   Date  August 31, 2015

Title     Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al.

savings associations.  Id. (citing 12 C.F.R. § 560.2(a)).

     Subsection (b) of § 560.2 provides a list of "illustrative examples of the types of state laws that are preempted" by HOLA.  12 C.F.R. § 560.2(b).  In contrast, subsection (c) sets forth a list of the types of state laws that are not preempted.  The Silvas court approved the following procedure in determining whether a state law is preempted under § 560.2:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Id. (citing OTS, Final Rule, 61 Fed.Reg. 50951, 50966-67 (Sept. 30, 1996)).

     HOLA does not preempt all causes of action arising out of loan modification or foreclosure proceedings, but only those that would impose additional requirements on federal savings associations.  Rumbaua v. Wells Fargo Bank, N.A., No. 11-1998, 2011 U.S. Dist. LEXIS 95533, at *19 (N.D. Cal. Aug. 25, 2011).  State laws of general applicability, such as contract, tort, and real property law, are not preempted by HOLA "to the extent that they only incidentally affect the lending operations of federal savings associations."  12 C.F.R. § 560.2(c).  However, in determining whether a cause of action is preempted by HOLA, courts cannot look merely to its abstract nature; rather, courts must consider "the functional effect upon lending operations of maintaining the cause of action."  Susilo v. Wells Fargo Bank, N.A., 796 F. Supp. 2d 1177, 1186 (C.D. Cal. 2011) (citation and internal quotation marks omitted).

     2.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1200 JVS (DTBx) | Date | August 31, 2015 |
| Title | Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al. | | |

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

3. Dismissal Pursuant to Fed. R. Civ. P. 9(b)

Under Fed. R. Civ. P. 9(b), a plaintiff must plead each element of a fraud claim with particularity, i.e., the plaintiff "must set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original) (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994)). A fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Statements of the time, place, and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations of fraud are not. Id. Furthermore, though allegations based on information and belief are usually insufficient, in circumstances of corporate fraud, this rule may be relaxed as to matters within the opposing party's knowledge. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   EDCV 15-1200 JVS (DTBx)                         Date   August 31, 2015

Title   Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al.

### B.   Discussion

As a preliminary matter, it is important to note that Campos obtained the loan at issue from WSB, which was organized and operated under HOLA. Although WSB was acquired by Wells Fargo, a national banking association, a majority of district court cases have concluded that HOLA preemption continues to apply to conduct related to loans originated by a federally-chartered savings association even after those banks are merged into national banking associations. See Poyorena v. Wells Fargo Bank, N.A., CV 14-683 GAF (Ex), 2014 U.S. Dist. LEXIS 49319, at *16, *16 n.3 (C.D. Cal. Apr. 3, 2014).

Furthermore, Campos and WSB expressly agreed that the loan would be "governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions . . . ." (RJN, Ex. A at 9 ¶ 15.) In such circumstances, several district courts have found that HOLA preemption is warranted by virtue of the parties' express agreement. Metzger v. Wells Fargo Bank, N.A., No. LA CV14-00526 JAK (SSx), 2014 WL 1689278, *4 (C.D. Cal. Apr. 28, 2014) (collecting cases). As noted in Metzger, id., the OTS has adopted a "general principle that the loan terms should not change simply because an originator entitled to federal preemption may sell or assign a loan to an investor that is not entitled to federal preemption." (RJN, Ex. I.)

Thus, the Court may consider whether HOLA preemption applies to Campos's claims.

### 1.   Negligent Misrepresentation Claim

Campos's first claim for negligent misrepresentation falls under California common law and does not invoke laws or regulations that expressly impose legal requirements on lenders. However, laws of general applicability may be preempted if, as applied, the claim affects a preempted matter in 12 C.F.R. § 560.2(b). Silvas, 514 F.3d at 1006; see also Cosio v. Simental, No. CV 08-6853 PSG (PLAx), 2009 WL 201827, at *4 (C.D. Cal. Jan. 27, 2009). Thus, the Court must consider whether Campos's claim as alleged amounts to an additional requirement on lenders under § 560.2(b).

Campos's negligent misrepresentation claim is based on Campos's allegation that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   EDCV 15-1200 JVS (DTBx)                                Date   August 31, 2015

Title   Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al.

Wells Fargo agent falsely told Campos that he was "almost certain" that Campos would be unsuccessful in obtaining a loan modification even if he submitted a new loan modification application after his first application was denied. (Compl. ¶ 22, 28.) Campos alleges that the Wells Fargo agent made such statement with the intent of inducing Campos to rely on it "to discourage him from making use of the many programs available to distressed borrowers." (Compl. ¶ 31.)

Negligent misrepresentation claims based on affirmative misrepresentations are not preempted by HOLA when they do not impose additional requirements on lenders to provide specific notices or disclosures and only incidentally affect lending activity. Susilo v. Wells Fargo Bank, 796 F. Supp. 2d 1177, 1186 (C.D. Cal. 2011). Conversely, when a negligent misrepresentation claim, as applied, would impose heightened requirements on lenders, they are preempted. Tuck v. Wells Fargo Home Mortg., No. C-12-01796 DMR, 2012 WL 2906738, at *5 (N.D. Cal. July 13, 2012). Here, Campos's claim is based on Wells Fargo's affirmative misrepresentation, and the few facts alleged in support of the claim do not indicate that an additional duty would be imposed on lenders beyond the generally applicable common law standard imposing liability for negligent misrepresentation. Thus, the Court cannot conclude that Campos's negligent misrepresentation claim is preempted by HOLA.

However, Campos's allegations fail to state a claim. The elements of a negligent misrepresentation claim under California law are: "(1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc., 171 Cal. App. 4th 35, 50 (quoting Apollo Capital Fund LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007)). Although Campos alleges that a Wells Fargo agent "falsely" represented that he was "almost certain" Campos would be unsuccessful in obtaining a loan modification, Campos alleges no additional contextual facts to indicate that the statement was actually false. Rather, the agent's statement is a mere opinion, which is not actionable as a negligent misrepresentation. Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 158 (1991) (holding that predictions of future events are opinions, not misrepresentations of past or existing material fact, and thus not actionable fraud).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1200 JVS (DTBx) | Date | August 31, 2015 |
| Title | Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al. | | |

Furthermore, Campos's complaint does not allege facts sufficient to show that Wells Fargo owed him a duty of care under the circumstances. "As with any negligence claim, the tort of negligent misrepresentation requires [that a plaintiff] allege a duty of care." Plastino v. Wells Fargo Bank, 873 F. Supp. 2d 1179, 1190 (N.D. Cal. 2012) (citing Eddy v. Sharp, 199 Cal. App. 3d 858, 864 (1988)). As a general rule, a financial institution does not owe a duty of care to a borrower unless the institution's involvement in the loan transaction exceeds "the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991). There is nothing to indicate that Wells Fargo was acting other than as a traditional lender when representing that it was unlikely to approve Campos for a loan modification. In similar circumstances, other district courts have concluded that a lender acts as a traditional money lender when "merely engaging in the loan modification process." Meyer v. Wells Fargo Bank, N.A., 2013 WL 6407516, at *4-*5 (N.D. Cal. Dec. 6, 2013) (collecting cases); see also Roussel v. Wells Fargo Bank, No. C 12-04057 CRB, 2013 WL 146370 (N.D. Cal. Jan. 14, 2013) (dismissing negligent misrepresentation claim when borrower was unable to show that Wells Fargo acted other than a traditional lender when reviewing loan modification application).

For the foregoing reasons, Campos's claim for negligent misrepresentation must be dismissed. See Harris v. Wells Fargo Bank, N.A., No. 12-cv-05629-JST, 2013 WL 1820003, at *12 (N.D. Cal. Apr. 30, 2013) (dismissing negligent misrepresentation claim where borrower did not establish Wells Fargo owed her duty of care).

   2. UCL Claim

Like Campos's negligent misrepresentation claim, Campos's UCL claim is based on a law of general applicability. Thus, Campos's UCL claim is preempted by HOLA if, as applied, it is a type of state law contemplated under § 560.2(b). See Silvas, 514 F.3d at 1006.

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Campos specifically brings a UCL claim based on Wells Fargo's alleged "unfair" and "fraudulent" business practices. The gravamen of Campos's UCL claim is that Wells Fargo did not properly review Campos's loan modification application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1200 JVS (DTBx) | Date | August 31, 2015 |
| Title | Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al. | | |

(See Compl. ¶¶ 18-19, 21, 35-36.) Because Campos "focused his efforts and attention" on working with Wells Fargo to obtain a loan modification, he did not pursue other loan modification alternatives. (Compl. ¶ 38.) Campos also alleges that Wells Fargo did not encourage him to "take advantage of the many solutions available to distressed borrowers." (See Compl. ¶¶ 15, 31, 33-38.)

Campos's UCL claim, as applied, would require lenders to review loan modifications in a certain manner and to notify distressed borrowers of other potential sources of relief. These heightened requirements on lenders' loan modification offerings and loan modification review procedures amount to additional requirements regarding terms of credit, disclosure, and processing, origination, and servicing of mortgages, which are preempted under §§ 560.2(b)(4), (9), and (10).

Even if Campos's UCL claim were not preempted, the claim must also be dismissed because Campos has failed to allege that he lost money or property as a result of Wells Fargo's unfair or fraudulent conduct, as is necessary for "injury in fact" standing under the UCL. See Cal. Bus. & Prof. Code § 17204; Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011). Wells Fargo correctly notes that there is no foreclosure activity alleged in the complaint.

For the foregoing reasons, Campos's UCL claim must be dismissed.

### 3. Cal. Civ. Code §§ 2923.6 & 2923.7 Claims

Campos's third and fourth claims invoke the protections of certain sections of California's Home Owners Bill of Rights, specifically Cal. Civ. Code § 2923.6 and § 2923.7. Cal. Civ. Code § 2923.6 imposes legal requirements on lenders or servicers in evaluating loan modification applications. Cal. Civ. Code § 2923.7 requires servicers to establish a "single point of contact" for a borrower who requests a foreclosure prevention alternative to communicate with regarding the foreclosure prevention alternative. These laws are preempted by HOLA. Both Sections 2923.6 and 2923.7 regulate the processing and servicing of a mortgage, which is preempted under § 560.2(b)(10). See, e.g., Marquez v. Wells Fargo Bank, N.A., No. C 13-2819 PJH, 2013 WL 5141689, at *5 (C.D. Cal. Sept. 13, 2013); Meyer v. Wells Fargo Bank, N.A., No. C 13-03727 WHA, 2013 WL 6407516, at *4 (N.D. Cal. Dec. 6, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1200 JVS (DTBx) | Date | August 31, 2015 |
| Title | Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al. | | |

      4.    <u>Cal. Civ. Code § 1632 Claim</u>

    Campos's fifth claim is for rescission under Cal. Civ. Code § 1632, which requires

> Any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following [listed transactions], shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, that includes a translation of every term and condition in that contract or agreement[.]

    Campos alleges that at least some of his discussions with Wells Fargo representatives were conducted in Spanish. (<u>See</u> Compl. ¶21.) The Court notes that the law in question is of general applicability, therefore the Court must consider its effect as applied on lenders to determined whether it is preempted under HOLA.

    Without reaching the question of whether the loan transaction at issue here is one to which § 1632 applies,[2] Campos's claim under § 1632 is preempted under HOLA because, as applied in this case, it imposes additional restrictions on lenders regarding disclosure, which is preempted by § 560.2(b)(9). <u>See also Joseph v. Wachovia Mortg. Corp.</u>, No. 5:11-cv-02395 EJD, 2011 WL 5827224, at *6 (N.D. Cal. Nov. 18, 2011). Thus, Campos's fifth claim is preempted and must be dismissed.

**V.    CONCLUSION**

    For the foregoing reasons, Campos's motion to remand is DENIED, and Wells Fargo's motion to dismiss is GRANTED with prejudice.

---

    [2] Wells Fargo argues that § 1632 only applies to mortgage contract documents and disclosures when negotiated by a real estate broker. <u>See Delino v. Platinum Cmty. Bank</u>, 628 F. Supp. 2d 1226, 1234 (S.D. Cal. 2009). Campos does not allege that Wells Fargo negotiated the loan or loan modifications as a real estate broker.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. EDCV 15-1200 JVS (DTBx)　　　　Date　August 31, 2015

Title　Alejandro Mesa Campos v. Wells Fargo Bank, N.A., et al.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：　00

　　　　　　　　　　　　　　　　Initials of Preparer　　kjt